UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 01-07 (JMR)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>KEITH BERNARD CRENSHAW,<br><br>Petitioner. | OPPOSITION OF THE UNITED STATES TO DEFENDANT'S PETITION FOR A WRIT OF ERROR *CORAM NOBIS* PURSUANT TO 28 U.S.C. § 1651 |

Petitioner Keith Crenshaw pleaded guilty on October 16, 2001 to two separate counts of crack cocaine distribution. At the time of sentencing, an evidentiary hearing was held regarding the weight of the crack cocaine in the second count -- whether it was over 50 grams or under 50 grams. The Court resolved the dispute in the defendant's favor.

The Court's drug quantity determination was a huge benefit to the defendant because he was a career offender. The finding that Count 2 involved less than 50 grams of crack lowered the guideline range from level 34/category VI = 262-327 months to level 31/category VI = 188-235 months. The Court imposed a sentence of 235 months. Not surprisingly, Crenshaw did not appeal the imprisonment component of his sentence, although he did appeal one of the conditions of supervised release. United States v.

Crenshaw, 53 Fed. Appx. 390 (8th Cir. 2002) (unpublished). The appeal was decided on December 16, 2002.

On April 17, 2006, Crenshaw filed the present Petition for a Writ of Error *Coram Nobis* pursuant to 28 U.S.C. § 1651. He seems to argue that his plea was involuntary because he pled guilty to an incorrect drug amount, that his counsel was ineffective for allowing him to do so, and that his counsel should have raised the drug quantity issue on appeal. None of this makes any sense because Crenshaw won the drug quantity issue in the district court.

A more fundamental problem with the petition is that *coram nobis* relief is not available to a person who is in federal custody. United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam); United States v. Kindle, 88 F.3d 535, 536 (8th Cir. 1996) (per curiam).

If Crenshaw's petition is instead treated as a petition under 28 U.S.C. § 2255, which is the proper vehicle for challenging a federal prisoner's conviction or sentence, the petition still must be dismissed as untimely. There is a one-year time limit for filing a petition under 28 U.S.C. § 2255, which begins when the conviction becomes final. 28 U.S.C. § 2255. In this case, Crenshaw's conviction became final on or about March 16, 2003 when the time for filing a petition for a writ of certiorari expired.

The present petition was not filed until April 17, 2006, more than three years later. The petition is clearly untimely. The one-year limitations period does not apply when the facts giving rise to the claim were not known to the defendant within the one-year period. Id. That is not the case here. All of the facts regarding the drug quantity issue were known to the defendant not later than the sentencing evidentiary hearing.[1]

For the foregoing reasons, Crenshaw's petition should be summarily dismissed. No evidentiary hearing is warranted.

Respectfully submitted,

Dated: June 1, 2006

RACHEL K. PAULOSE
United States Attorney

s/Jeffrey S. Paulsen
BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332

---

[1]It should be noted that Crenshaw is serving a separate life sentence for murder in aid of racketeering activity based on his conviction for the 1996 gang-related murder of four-year-old Davisha Gillum. United States v. Crenshaw, 359 F.3d 977 (8th Cir. 2004).