UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CR-07(JMR/FLN)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Keith Bernard Crenshaw | ) | |

Petitioner moves for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. His petition is denied.

I. Background

On October 16, 2001, petitioner pleaded guilty to two counts of crack cocaine distribution. At sentencing, the Court heard evidence concerning the weight of the contraband. The question was whether the crack cocaine alleged in the second count weighed more or less than 50 grams. The Court resolved the dispute in petitioner's favor, finding that Count 2 involved less than 50 grams of crack.

This determination lowered petitioner's offense level from level 34 to level 31. Because petitioner was a career offender with a criminal history category of VI, the drug quantity reduced his Guidelines sentence range from 262-327 months to 188-235 months. The Court sentenced petitioner to 235 months. Petitioner did not appeal the term of imprisonment, opting instead to appeal one condition of supervised release. The Eighth Circuit Court of Appeals affirmed the District Court's Judgment on December 16, 2002. United States v. Crenshaw, 53 Fed. Appx. 390 (8th Cir. 2002)

(unpublished). Petitioner brought this motion on April 17, 2006.

II. Discussion

The Court begins by recognizing that the writ of coram nobis is not available to petitioners in federal custody. United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam); United States v. Kindle, 88 F.3d 535, 536 (8th Cir. 1996) (per curiam). For this reason alone, the petition fails. Beyond this, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Noske, id., quoting Carlisle v. United States, 517 U.S. 416, 429 (1996). Here, where Congress has enacted 28 U.S.C. § 2255, the doctrine applies.

This matter is therefore controlled by 28 U.S.C. § 2255, the statute specifically addressing challenges to a prisoner's conviction or sentence. Because this petition is properly considered under 28 U.S.C. § 2255, it is untimely. Generally, a petition under § 2255 must be filed within one year of the date upon which petitioner's conviction became final. Petitioner's conviction became final when his time to file a petition for a writ of certiorari expired; in this case, on March 16, 2003. This petition was filed more than three years later. While an exception arises where the facts giving rise to the claim were not known to petitioner within the one-year period, here, all facts regarding

the drug quantity were known to defendant not later than the evidentiary hearing at sentencing.

Lastly, even if the Court were to consider the petition, there is a fundamental problem. Petitioner appears to argue that his plea was involuntary because he pleaded guilty to the wrong drug amount, and that his counsel was ineffective both for allowing him to do so, and for not raising the drug amount on appeal. (Petition at 4.) Petitioner is absolutely incorrect: his lawyer did contest the drug amount, and actually prevailed on the point. Petitioner's sentence reflected the smaller drug amount.

III. Conclusion

For these reasons, Mr. Crenshaw's petition under 28 U.S.C. § 1651, styled a petition for a writ of coram nobis [Docket No. 45], is denied.

IT IS SO ORDERED.

Dated: July 31, 2006

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge